## C I T CORP v MELTZER et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16646. Decided Oct 31, 1938

Lurie & Zaller, Cleveland, for plaintiff-appellee.

A. Alan Meltzer, Cleveland, for defendant-appellant.

### OPINION

PER CURIAM

In the Municipal Court of the City of Cleveland, appellee brought an action in replevin to recover possession of an automobile. The claim of the plaintiff-appellee was based upon a chattel mortgage which became the property of the appellee by assignment. The principal question before the court relates to the validity of the chattel mortgage.

It appears that one Edward Eppich was the purchaser of the automobile in question and that he executed a purchase money mortgage to the Leavitt Motor Sales, Inc., to secure the payment of a balance of $354.60 due on the automobile. This note was discounted with the C. I. T. Corporation, plaintiff-appellee herein. The note and mortgage originally executed to the Leavitt Motor Sales, Inc., was assigned to the plaintiff-appellee, the C. I. T. Corporation.

It was claimed by the defendant-appellant that the C. I. T. Corporation was in fact the lender of money and that this method of assignment was merely a subterfuge. Therefore, since it appears that the C. I. T. Corporation at no time com-

plied with the Small Loans Act that the mortgage was invalid.

We cannot agree with this reasoning. This is a case of merely extending credit by the vendor. Title to the merchandise passed to the purchaser. The purchaser received the merchandise. He received no money. There was an obligation to pay for the merchandise and to secure the payment he executed a note and mortgage. There was no loan involved. The plaintiff herein became the assignee of the note secured by chattel mortgage by assignment executed by the Leavitt Motor Sales, Inc., to the C. I.T. Corporation, which assignment appears on the chattel mortgage. No money was loaned to Eppich, the purchaser, by Leavitt Motor Sales, Inc., the vendor. The plaintiff merely purchased Eppich's note and took an assignment of the chattel mortgage.

We hold that the mortgage was a valid mortgage and the action in replevin based on said mortgage was properly sustained.

The judgment of the Municipal Court is affirmed. Exceptions may be noted.

LEVINE, PJ, TERRELL and LIEGHLEY, JJ, concur.